STEVEN G. KALAR
Federal Public Defender
GEOFFREY A. HANSEN
Chief Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Giacometti

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-14 - 0615 WHA |
| Plaintiff, ) | |
| ) | **MODIFICATION OF SUPERVISED** |
| vs. ) | **RELEASE CONDITIONS AND** |
| ) | [~~PROPOSED~~] **RELEASE ORDER** |
| AMBERLY GIACOMETTI ) | |
| Defendant. ) | |
| _____ ) | |

Upon admission by the defendant of the allegations contained in the Form 12, the defendant's conditions of supervised release are hereby modified as follows.

The defendant is reinstated to supervised release under the same conditions and for the same time period as previously set by the Court. The following special conditions are added:

1. The defendant shall permit a probation officer to visit her at home or elsewhere between the hours of 6 a.m. and 11 p.m., unless investigating a violation or in case of emergency. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

2. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

3. Due to the defendant's history of drug addiction and theft from employers, the defendant shall notify any individual(s) or entity of any risk associated with this history and

allow the U.S. Probation Officer to verify that notification has been made. Should the defendant fail to make notification within 30 days, the U.S. Probation Officer shall make the notification.

    4.      The defendant shall, at the direction of the U.S. Probation Office, participate in and successfully completea cognitive based therapy (CBT) program as approved by the U.S. Probation Office. The defendant shall  pay for this service, if financially able, as directed by the U.S. Probation Office.

    5.      The defendant shall participate in psychiatric services and/or a program of mental health counseling/treatment, which may include sexual addiction counseling, as directed by the U.S. Probation Office and shall take any and all prescribed medications as directed by the treatment providers. The defendant shall pay for these services, if financially able, as directed by the U.S. Probation Office.

    6.      The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or psychoactive substances that impair physical or mental functioning except as prescribed by a physician. The defendant shall, at the direction of the U.S. Probation Office, participate in a program for substance abuse treatment including not more than six tests per month to determine whether you have used controlled substances. The defendant  shall abide by the rules of the treatment provider. The defendant shall pay for these services, if financially able, as directed by the U.S. Probation Office.

    7.      The defendant  shall refrain from any use of alcohol and shall, at the direction of the U.S. Probation Office, participate in a program for alcohol treatment, including testing, to determine if she has used alcohol.  The defendant shall abide by the rules of the treatment provider, and shall pay for these services, if financially able, as directed by the U.S. Probation Office.

    8.      The defendant  shall reside for up to four months at a community confinement facility designated by the Bureau of Prisons at the direction of the U.S. Probation Office and shall abide by

the rules of that facility, should she no longer be able to live with her grandparents and other suitable living arrangements are not available.

9. The defendant shall not obtain employment at any place where she will be involved in the management or handling of cash, credit, or any other financial instruments, without prior approval of the Probation Office and without disclosing information regarding the federal conviction to the employer.

10. The defendant is ordered to reside with her grandmother, Arlene Juergens, until further order of the Court.

**The defendant is hereby ordered released from custody on Thursday, August 13, 2015 at 7:00 a.m.** This release time is ordered because the defendant is further ordered to report to Homeward Bound on 1235 Mission Street, San Francisco, California, by 8:00 a.m. to secure a ticket to travel to Springfield, Illinois. This Court wishes to inform Homeward Bound through this order that it is satisfied that Ms. Giacometti has a stable residence in Illinois where she will reside, to wit 622 West Harris, Petersburg, Illinois.

Should Ms. Giacometti not secure a ticket to Springfield, Illinois, she is directed to report forthwith to the United States Probation Office, 450 Golden Gate Ave., San Francisco, CA, 94102, for further directions.

**The United States Marshal is hereby requested to serve the defendant with a copy of this order upon her release**.

**IT IS SO ORDERED.**

Date: August 12, 2015.

_____
WILLIAM H. ALSUP
UNITED STATES DISTRICT COURT JUDGE